THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Conducting a Lottery Pool.

No. 815.—Decided November 10, 1915.

EVIDENCE—CONFESSION—WARNING.—In the absence of a statutory requirement of warning, the voluntary confession of a defendant is admissible in evidence, even though he be not warned that it will be used against him.

LOTTERY POOL—INFORMATION.—The information alleges that the defendant organized a scheme for the distribution of money by lot, wherein a number of persons agreed to pay ten cents for each chance and $700 was to be paid to the winner after the defendant had deducted 30 per cent, all depending upon certain races being run on the race track in San Juan. *Held:* That the information charged an offense under sections 291 and 292 of the Penal Code and was sufficient in the absence of objection.

ID.—GAIN OR PROFIT.—Sections 291 and 292 of the Penal Code do not make the receiving of a gain or profit an essential element of the offense, for it is the conducting of a lottery which is prohibited whether the defendant receives an advantage or not.

ID.—EVIDENCE—CORPUS DELICTI.—There being sufficient evidence to show the organization of the lottery, the winning of the principal sum by one of the witnesses, the investigation of the lists by the district chief of police, the knowledge of the latter and the confession of the defendant, it was held that the *corpus delicti* had been proved.

The facts are stated in the opinion.
*Mr. Antonio Trujillo Güil* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.
MR. JUSTICE WOLF delivered the opinion of the court.

The only error alleged in this court, which was likewise raised in the court below, was the admission of certain evidence objected to by the defendant and exception taken. The complaint charged the violation of sections 291 and 292 of the Penal Code relating to lotteries. Luis Echevarría, district police chief, testified in effect that he had knowledge that the defendant was conducting a pool. The pool, as other testimony tended to show, was equivalent to a lottery. Cross-examined by the defense and questioned by the court, the witness said he knew the facts of his own knowledge and from the confession of the defendant who acknowledged that he was receiving 30 per cent of the said pool. The defendant objected on the ground that the witness obtained his knowledge in the investigation he was making of Mario Meléndez, one of the policemen under him. The witness said, however, that he knew the facts of his own knowledge and through the confession of the defendant. The said defendant did not make it appear at the time of the objection that the knowledge was hearsay. The witness examined certain lists and received the confession of the defendant.

It can make no difference, as appellant maintains, that he was not warned that anything he said would be used against him. There is nothing in our Penal Code which requires such warning and in the absence of the statutory necessity for such warning any voluntary confession of a defendant is admissible against him. 12 Cyc. 463. The specific objection, however, seems to have been that the testimony was merely hearsay, a state of facts not disclosed by the record.

The appellant also maintains, although such an error was not raised in the municipal court or the district court, that the complaint was not sufficient. It set up that the defendant organized a scheme for the distribution of money by lot wherein a number of persons agreed to pay ten cents each whereby some $700 was to be paid to the winner after the defendant had received 30 per cent, all depending upon certain races in San Juan. The complaint seems very specific

and charges an offense under sections 291 and 292 of the Penal Code. It certainly was sufficient in the absence of objection.

The appellant also says that it must be charged that the defendant received a rake-off. It seems to us that such rake-off was described in the complaint. Furthermore, we find nothing in sections 291 and 292 to make the receiving of a gain or profit an essential element of the offense. It is the conducting of a lottery which is prohibited, whether the defendant receives an advantage or not.

In his brief and at the hearing the appellant maintained that the *corpus delicti* had not been shown. There is ample testimony showing the organization of the lottery, the winning of the principal sum by Mario Meléndez, the investigation of the lists by Echevarría, the knowledge of the latter and the confession of the defendant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.